IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| RALPH EDWARD SHANNON | |
| Plaintiff, | ORDER |
| v. | 12-cv-162-wmc |
| BARBARA B. CRABB, US. District Judge, | |
| Defendant. | |

---

| | |
|---|---|
| RALPH EDWARD SHANNON, | |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES PROBATION DEPARTMENT WESTERN DISTRICT OF WISCONSIN, | 12-cv-163-wmc |
| Defendant. | |

---

| | |
|---|---|
| RALPH EDWARD SHANNON, | |
| Plaintiff, | ORDER |
| v. | 12-cv-164-wmc |
| MICHAEL J. NOLAN, U.S. Probation Officer, | |
| Defendant. | |

---

| | |
|---|---|
| RALPH EDWARD SHANNON, | |
| Plaintiff, | ORDER |
| v. | 12-cv-165-wmc |
| JOHN W. VAUDREUIL, U.S. Attorney and LAURA PRZYBYLINSKI FINN, Asst. U.S. Attorney, | |
| Defendants. | |

---

Plaintiff Ralph Shannon has filed four proposed complaints. He asks for leave to proceed *in forma pauperis* and has supported his requests with affidavits of indigency. The standard for determining whether a plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

In these cases, plaintiff has a monthly income of $1021 and no dependents, which makes his total annual income $12,252.  From plaintiff's affidavits, I conclude that he qualifies for indigent status.  Therefore, plaintiff may proceed without any prepayment of fees or costs.

Because plaintiff is proceeding *in forma pauperis*, the court must screen his complaints pursuant to 28 U.S.C. § 1915 to determine whether any of the cases must be dismissed because (1) the complaint is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

Accordingly, IT IS ORDERED that plaintiff's complaints are taken under advisement. As soon as the court's calendar permits, plaintiffs' complaints will be screened pursuant to 28 U.S.C. § 1915 to determine whether the cases must be dismissed either because the complaints are frivolous or malicious, fail to state a claim on which relief may be granted or seek monetary relief against a defendant who is immune from such relief.  Plaintiff will be notified promptly when such a decision has been made.  In the meantime, if plaintiff needs to communicate with the court about these cases, he should be sure to write the case numbers shown above on this communication.

Entered this 13th day of March, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge