IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RALPH SHANNON,

                      Plaintiff,                     OPINION AND ORDER

  v.

                                                         12-cv-162-wmc

JOHN VAUDREUIL,                                               12-cv-165-wmc
LAURA PRZYBYLINSKI FINN,
and BARBARA CRABB,

                      Defendants.

---

In these two *Bivens* actions, plaintiff Ralph Shannon, a probationer, alleges that his constitutional rights were violated by defendants U.S. Attorney John Vaudreuil, Assistant U.S. Attorney Laura Przybylinski Finn and U.S. District Court Judge Barbara Crabb.[1] Shannon claims that all the defendants violated his Fifth and Fourteenth Amendment rights to due process when the conditions of his supervised release were modified without affording him the opportunity to present a mitigation defense and when his supervised release was revoked, requiring him to spend an additional 28 days in prison. Shannon also pleads separately that Judge Crabb violated his First Amendment

---

[1] In *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971)*,* the Supreme Court recognized a civil action for damages against a federal official who violated a constitutional right provided (1) no equally effective remedy is available, (2) no explicit congressional declaration precludes recovery, and (3) no special factors counsel hesitation. *Wilson v. Rackmill*, 878 F.2d 772, 775 (3d Cir. 1989). Here, Shannon filed separate complaints against (1) Judge Barbara Crabb and (2) prosecutors John Vaudreuil and Laura Przybylinski Finn. The court's order references the cases together because they stem from a similar set of facts and will be dismissed based on the same legal analysis. (Case No. 12-cv-162-wmc; 12-cv-165-wmc).

right to free speech when she modified the special conditions of his release to prohibit him from watching legal, adult pornography.

Shannon has asked and the court concludes that he qualifies for leave to proceed under the *in forma pauperis* statute, 28 U.S.C. § 1915(e), without prepayment of fees or costs. The next step, therefore, is determining whether his proposed action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under this lenient standard, however, Shannon cannot proceed on any of his claims because the defendants have absolute immunity from suits seeking monetary relief. As for the claims seeking injunctive relief, his claims need to be addressed to the relevant sentencing court *after* Shannon's direct appeal has been resolved.

## ALLEGATIONS OF FACT[2]

In his complaint, Shannon alleges, and the court assumes for purposes of this screening order, that the following facts are true.

- Plaintiff Ralph Shannon was convicted, pursuant to a guilty plea, of one count of possession of child pornography in the United States District Court for the Western District of Wisconsin. Barbara B. Crabb was the presiding judge.

---

[2] The court draws these facts from the body of the complaint and from the modified probation order entered by Judge Crabb on October 3, 2011. (W.D. Wis. Case No. 06-cr-179 (dkt. #35).).

- On July 17, 2007, he was sentenced to 46 months' imprisonment and a life term of supervised release.  (*See* Case No. 06-cr-00179.)

- Defendant John Vaudreuil is a U.S. Attorney for the Western District of Wisconsin and Laura Przybylinski Finn is the Assistant U.S. Attorney who prosecuted Shannon.

- The relevant conditions of Shannon's supervised release included Special Condition No. 2 and No. 3.  Special Condition No. 2 states in relevant part that Shannon must "provide his supervising probation officer advance notification of any computer, automated services or connected device that he will use during the term of supervision."  Special Condition No. 3 states in relevant part that Shannon "shall not possess any materials including pictures, photographs, books, writings, drawing, videos or video games depicting or describing child pornography as defined in 18 U.S.C. § 2256(8)."

- On August 20, 2010, Shannon began his life term of supervised release at Rock Valley Community Programs, Inc., ("RVCP") where he resided for 90 days as a condition of his supervised release.  His stay at RVCP was extended for up to 120 days.

- On March 21, 2011, Shannon moved into the Veteran Administration's homeless program at Porchlight in Madison, Wisconsin.

- On August 11, 2011, Shannon was provided internet access through a local provider.

- On August 12, 2011, Internet Probation and Parole Control, Inc. (IPPC) placed monitoring software on Shannon's computer.

- On August 26, 2011, Shannon was found in possession of a web camera that was connected to his computer.  The U.S. Probation Department claims that Shannon was never given permission by his probation officer to possess this web camera.

- On September 28, 2011, Michael Nolan claims to have reviewed a report of Shannon's internet activity and computer usage generated by IPPC.  This report indicated that Shannon has accessed websites that depict child pornography.

- On September 30, 2011, IPPC notified Nolan that Shannon was attempting to reinstall the IPPC monitoring software.  As a result, his computer was not monitored from September 28, 2011 until the software was reinstalled on September 30, 2011.

- On September 30, 2011, Nolan and Senior U.S. Probation Officer Michael Harper contacted Shannon at his residence and asked about his reinstallation of the IPPC

software. Shannon indicated that his hard drive had been wiped completely so he purchased another internal hard drive without the permission of Nolan.

- The officers also asked Shannon about the web camera that was lying next to the computer. He allegedly said that he had never used a web camera.

- Nolan then asked Shannon about his viewing of pornography, at which point Shannon allegedly admitted that he searches teenage websites and cannot be sure that the pornography he views involves models over the age of 18.

- As a result, on this same day, Nolan filed a petition for summons with the sentencing court recommending that Shannon be returned to court to show cause why his term of supervised release should not be revoked.

- Shannon received a Summons to appear in the District Court for the Western District of Wisconsin on October 27, 2011, which was later postponed until November 28, 2011. Shannon alleges that this summons states a recommendation to revoke his release and does not mention a possible modification of the special conditions of his release.

- At this hearing, Probation Officer Michael Nolan accused Shannon of violating Special Condition Nos. 2 and 3 of his supervised release. Assistant U.S. Attorney, Laura Przybylinski Finn declined to prosecute Shannon on Special Condition No. 3 due to a lack of evidence, though Judge Crabb still allowed her to read the allegations of Special Condition No. 3 in recommending modification of the conditions of release.

- Shannon alleges that he was not given the opportunity to "mitigate" the modification.

- Despite having 51 days before the hearing to provide supporting evidence and to inform Shannon of a possible modification to the special conditions of his release, defendants Vaudreuil and Przybylinski Finn did neither.

- At the hearing, the court accepted the Probation Department's evidence that on August 26, 2011, Shannon was found in possession of an unauthorized connected device (web camera) on his computer, in violation of Special Condition No. 2. Consequently, the court revoked Shannon's life term of supervised release and he was committed to the custody of the Bureau of Prisons for an additional term of 28 days with a life term of supervised release to follow.

- Special Condition No. 10 was also added to the terms of Shannon's release, stating that he "shall not possess any material containing sexually explicit conduct as defined

4

in 18 U.S.C. § 2256(2), including pictures, photographs, books, writings, drawings, videos, video games and child pornography, as defined in 18 U.S.C. §2256(8)."

OPINION

Shannon contends that Judge Crabb and U.S. Attorneys Przybylinski Finn and Vaudreuil violated his Fifth and Fourteenth Amendment rights by depriving him of life and liberty without due process of law when (1) they failed to provide him notification of or evidence for the modification of the special conditions of release prior to the revocation hearing, and (2) they prevented him from having the opportunity to present a "mitigation defense" on the modification.

Shannon also contends that Judge Crabb infringed his First Amendment Right to free speech when she modified the special conditions of release to prevent him from viewing legal, adult pornography.

I.  Claims for Monetary Relief

    a. **Judge Barbara Crabb**

In his complaint against Judge Crabb, Shannon requests monetary relief for deprivation of his rights. Judge Crabb has absolute judicial immunity from damages liability for her judicial acts. The doctrine of judicial immunity establishes the absolute immunity of judges from damages for all actions taken as part of their judicial (as opposed to executive or administrative) functions, even when they act maliciously or corruptly. *Mireles v. Waco*, 502 U.S. 9 (1991). This immunity is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public which has an

interest in a judiciary free to exercise its function without fear of harassment by unsatisfied litigants. *Pierson v. Ray*, 286 U.S. 547, 554 (1967).

Judge Crabb is entitled to absolute immunity because she was performing judicial acts when she ordered (1) the revocation of Shannon's supervised release, (2) his commitment to the Bureau of Prisons for 28 days, and (3) Special Condition No. 10 be integrated into the conditions of his release. Therefore, Shannon's complaint against Judge Crabb for money damages must be dismissed for failure to state a claim under federal law. 28 U.S.C. § 1915(e)(2)(B)(iii). Shannon's claims seeking a reversal of the Order revoking his supervised release and the removal of Special Condition No. 10 from the terms of his release are not barred by judicial immunity and will be addressed below.

### b. U.S. Attorneys Przybylinski Finn and Vaudreuil

Laura Przybylinski Finn is the Assistant U.S. Attorney who initiated the probation violation proceedings against Shannon. John Vaudreuil is a U.S. Attorney who presumably oversaw or at least was ultimately responsible for overseeing, the prosecution handled by Ms. Przybylinski Finn. In his complaint, Shannon requests monetary relief for deprivation of his civil rights. As prosecutors, however, both of these defendants also enjoy absolute immunity from damages. "Prosecutors and witnesses are absolutely immune from liability in damages on account of their acts in court." *Millspaugh v. Cnty Dept. of Pub. Welfare of Wabash County*, 937 F.2d 1172, 1175 (7th Cir. 1991).[3]

---

[3] These cases are relevant to the one at hand even though they involve 42 U.S.C. § 1983 claims against state officials instead of *Bivens* claims against federal officials. *See Economou v. U.S. Dep't of Agric.*, 535 F.2d 688 (1976), citing *Butz v. Economou*, 438 U.S. 478, 484

> The common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties. These include concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.

*Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976).  Defendants have absolute immunity from damages because Shannon complains of only "prosecutorial acts."  Shannon's claims for non-monetary or injunctive relief are not barred by judicial immunity and will be addressed in the next section.

## II. Claims for Injunctive Relief

To the extent Shannon seeks to overturn Judge Crabb's decision to revoke his supervised release and modify the special conditions of his release, he must first seek remedy through direct appeal.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a plaintiff may not bring suit under § 1983 (and by extension, under *Bivens*) where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence" unless the plaintiff can show that the conviction or sentence has already been invalidated.  *Heck*, 512 U.S. at 487.  "*Heck* applies to both a prisoner's original sentence and to reimprisonment upon revocation of parole." *Easterling*

---

(1978) ("The Supreme Court's development of official immunity doctrine in § 1983 suits against state officials applies with equal force to federal officers sued on a cause of action derived directly from the Constitution, since both types of suits serve the same function of protecting citizens against violations of their constitutional rights by government officials.").

*v. Siarnicki*, 435 Fed. Appx. 524, 526 (7th Cir. 2011).  Therefore, Shannon must start by appealing Judge Crabb's sentence.  If on appeal the court does not find in favor of Shannon, he must then present his claims in the form of a *habeas corpus* action to the sentencing court – Judge Crabb – which presided over the decision to revoke his release and modify the special conditions of his release.  See 28 U.S.C. § 2255(a).

ORDER

IT IS ORDERED that:

(1) plaintiff Ralph Shannon's request to proceed *in forma pauperis* for denial of his right to due process and free speech is DENIED with respect to all defendants; and

(2) the clerk of court is directed to dismiss these cases.

Entered this 6th day of December, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge